**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAX M. HOBSON, | No. 12-15217 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00928-FJM |
| v. | |
| SAFEWAY INCORPORATED; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Max M. Hobson appeals pro se from the district court's judgment in his employment action arising from his termination. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The record does not show that Hobson properly served defendant Burd. *See*

----

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."). Thus, Hobson was not entitled to entry of default.

We lack jurisdiction to consider the district court's post-judgment order denying Hobson's motion for leave to file an amended complaint because Hobson failed to file an amended or separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (appellant generally must file a separate notice of appeal or amend a previously filed notice of appeal to secure review of a post-judgment order). Moreover, the district court properly determined that it lacked jurisdiction to consider Hobson's motion because Hobson filed it after he filed his notice of appeal. *See Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982) (noting that "[t]he filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed," and holding that district court lacked jurisdiction to consider motion for leave to file an amended complaint that was filed after notice of appeal).

We reject Hobson's contentions regarding whether defendants Gephart and McClure properly joined the motion to dismiss under Fed. R. Civ. P. 12(c).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Hobson's request for nine judges to preside over his case, set forth in his opening brief, is denied.

**AFFIRMED.**